37th Arcade Co. LLC v Red Colden Fashion Inc. (2024 NY Slip Op 51028(U))

[*1]

37th Arcade Co. LLC v Red Colden Fashion Inc.

2024 NY Slip Op 51028(U)

Decided on August 8, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2024
Civil Court of the City of New York, New York County

37th Arcade Co. LLC A/K/A 37 TH ARCASDE CO., LLC, Petitioner-Landlord,

against
Red Colden Fashion Inc., Respondent-Tenant, and "XYZ CORP." #1-4, Respondent(s)-Undertenant(s).

Index No. LT-320849-23/NY

Petitioner's counsel:
Heather S. Stiell, Esq.
Lasser Law Group, PLLC
633 Third Avenue, Suite 1301
New York, NY 10017
Respondent's counsel:
Robert W. Wong, Esq. 
Fong & Wong and Wu, PLLC
802 64th Street, Suite 2A
Brooklyn, NY 11220

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this 
 Motion as required by CPLR 2219 (a)
Upon reading Respondent's Motion to dismiss ("Motion"), Petitioner's opposition, together with all supporting documents, Respondent's Motion to dismiss is decided as follows.

 II. Procedural History
On October 25, 2023, Petitioner commenced a nonpayment summary proceeding for [*2]judgment of possession and money damages for rent owed in the amount of $460,976.94. Subsequently, Respondent filed the instant Motion seeking to dismiss the Petition, alleging that Petitioner failed to properly serve the 14-day notice, the rent demand, and that they did not receive it as required. Petitioner opposed the Motion.

III. Discussion
Respondent moved to dismiss Petitioner's complaint pursuant to CPLR 3211 (a) (2) and (a) (8), contending that without proper service of the 14-day notice, the petition for the non-payment proceeding was procedurally defective, and therefore, the court should dismiss the action.
According to RPAPL 711 (2), a summary proceeding may be maintained to remove a tenant from possession for failing to pay rent owed when "the tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a written demand of the rent has been made with at least fourteen days' notice" (RPAPL 711 [2]).
RPAPL 735(1) provides that the service in a nonpayment proceeding may be effectuated by:
Personally delivering the notice of petition and petition to the respondent; or by delivering and leaving them with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, if upon reasonable application, admittance can be obtained and such person is found who will receive them; or if admittance cannot be obtained and such person is not found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and, in addition, within one day after such delivery to a suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first-class mail (RPAPL 735 [1]).
To support Petitioner's non-payment petition, in a sworn statement, Petitioner's process server averred that, after two attempts of in-person service were made on September 26, 2023 at 2:33 p.m. and September 27, 2023 at 11:17 a.m., personal service was effectuated by affixing the 14-day notice to the entrance door of the property, a conspicuous place, followed with a mail on September 28, 2023 through certified and prepaid first class mail ( see Affidavit of Pow). The process server stated that he gained admittance to the property on November 2, 2023 at 12:34 p.m., and delivered a true copy of Notice of Petition and Petition to "Jane Smith," who is employed at the property (Affidavit of Service for Notice of Petition and Petition). 
Respondent claimed that they never received the 14-day notice demanding payment of rent. The Respondent further alleged that, on September 26, 2023 at 2:33 p.m. and on September 27, 2023 at 11:17 a.m., the times stated in the affidavit of service of the process server, the business was conspicuously open for business during regular business hours, but without any proof. Respondent alleged that there were many employees at the premises, and the doors were open and unlocked (Affidavit in Support of Yiu). 
In opposition, Plaintiff alleged that Respondent failed to provide any specific facts supporting its allegation that the service of the 14-day notice was defective. The Court agrees. Here, Respondent provided no evidence beyond conclusory allegations to overcome the presumption of proper service of the rent demand by Petitioner.
In his sworn statement, process server Pow, stated that he took the elevator to the 6th [*3]floor of the building where the premises are located. Upon exiting the elevator, the process server encountered a locked red door with walls on either side, indicating that the red door was the sole point of entry. The process server claimed he knocked vigorously on the door several times and heard voices inside; however, no one answered the door. After two attempts to gain entrance to the premises, the process server affixed the 14-day notice directly to the red door using clear tape on September 27, 2023. On November 2, 2023 at 12:34 p.m., Pow served copies of the Notice of Petition and Petition through the same door, which was open at the time. The process server then approached a female individual whom another male individual pointed toward and claimed was in charge. The process server showed her the Notice of Petition and Petition and pointed to the name of the Respondent on the Notice of Petition and Petition, asking whether she was authorized to accept service for Red Golden Fashion, Inc. She responded, "yes" (Affidavit of Pow).
It is well established that a process server's affidavit of service raises a presumption of proper service (Wells Fargo Bank, N.A. v Guerrero, 189 AD3d 1669, 1670 [2d Dept 2020]; JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1186 [2d Dept 2019]). Here, Respondent Yiu's conclusory statement that the business was open, but that they never received the 14-day notice in person is insufficient to rebut the presumption of proper service (Flanagan v Delaney, 194 AD3d 694, 697 [2021]; Wells Fargo Bank, N.A. v Guerrero, 189 AD3d at 1670; Zhuoya Luo v Wensheng Wang, 176 AD3d 1016, 1018 [2d Dept 2019]; JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3D at 1186).
CPLR 3212 provides that "a motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR 3212[b]). "Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]). "A defendant moving for summary judgment [seeking an order dismissing plaintiff's complaint] has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts, reciting the material facts and showing that the cause of action has no merit" (GTF Mktg. v. Colonial Aluminum Sales, 66NY2d 965, 967 [1985]; Anghel v. Ruskin Moscou Faltischek, P.C., 190 AD3d 906, 907 [2d Dept 2021], see Jacobsen v. New York City Health & Hosps. Corp., 22NY3d 824, 833 [2014]). A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; Zuckerman v. City of New York, at 562, see GTF Mktg. v. Colonial Aluminum Sales, 66NY2d at 968). "To defeat a motion for summary judgement the non-moving party must show that there is genuine triable issue of fact" (Melendez v Alliance Hous. Assoc., 2021 NY Misc. LEXIS 31940 [Sup Ct, Bronx County Aug. 5, 2021, No. 25898-2017E]).
Here, Petitioner established it's prima facie case of proper service of the rent demand, while Respondent failed to rebut the presumption and failed to establish it's prima facie case that the service of the rent demand was defective.
In addition, Petitioner alleged that Respondent had failed to pay rent since December 2021 at a monthly rent of approximately $19,735.78 - $20,533.11 (the rent had changed over the course of few years). A reasonable tenant should have known that the rent has been outstanding. Here, Respondent did not dispute that it owed the rent, but only argued the improper service of the 14-day notice of the rent demand. The Court finds that Petitioner has properly served the rent [*4]demand, the 14-day notice. Even if the Court were to entertain Respondent's allegation that it never received the 14-day notice, it would have not changed the alleged fact that Respondent had failed to pay rent since December 2021 and would have not defeated the presumption of Petitioner's proper service of the 14-day notice by affixing the rent demand on the entrance door of the premises after prior two attempts of in-person service.

IV. Order
Accordingly, it is
ORDERED the Defendant's Motion to dismiss Plaintiff's complaint is DENIED and this matter shall proceed to trial.
This constitutes the DECISION and ORDER of the Court.
Dated: August 8, 2024
County of New York
Honorable Wendy Changyong Li, J.C.C.